MARTORELL ET AL., DEMANDANTES Y APELANTES, *v.* J. OCHOA
& HNO. ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª., en causa sobre nulidad y reivindicación.

No. 1218.—Resuelto en julio 23, 1915.

AUTORIZACIÓN JUDICIAL—BIENES DE MENORES—DEROGACIÓN DE LEYES—CÓDIGO
CIVIL ESPAÑOL—LEY DE ENJUICIAMIENTO CIVIL ANTIGUA.—Los artículos 56,
58 y 63, No. 23, de la Ley de Enjuiciamiento Civil antigua, que comenzó a
regir el 1°. de enero de 1886 a virtud de real decreto de 25 de septiembre
de 1885, han sido derogados por el 164 del Código Civil Español, que comenzó
a regir el 1°. de enero de 1890 a virtud de real decreto de 31 de julio de
1889, en cuanto se refiere a competencia judicial para conceder autorización
para enajenar bienes de menores o incapacitados.

ID.—ENAJENACIÓN O GRAVAMEN DE BIENES DE MENORES—ARTÍCULO 164 DEL
CÓDIGO CIVIL ESPAÑOL—INTERPRETACIÓN DE LA LEGISLATURA—DOMICILIO—
JUEZ DEL DOMICILIO DEL MENOR.—Atendidos los términos claros en que está
redactado el artículo 164 del Código Civil Español, fué la intención de la
legislatura, al establecer la necesidad de la autorización judicial para la
enajenación o gravamen de bienes de menores, que esa autorización fuera
concedida por el juez del domicilio del menor y no por cualquier otro juez,
fijando así la autoridad que debía completar la capacidad civil del padre o
de la madre del menor, sin que esta capacidad pueda completarse en otra
forma que la establecida por el dicho artículo.

ID.—JURISDICCIÓN VOLUNTARIA—DOCTRINA DEL TRIBUNAL SUPREMO DE ESPAÑA—
CUESTIONES DE COMPETENCIA—SUMISIÓN EXPRESA O TÁCITA—EXCEPCIÓN A
LA REGLA.—Es doctrina del Tribunal Supremo de España que en los actos
de jurisdicción voluntaria no tienen cabida las cuestiones de competencia, por-
que la ley concede ésta al juez ante quien se haya acudido, pero esta regla
tiene su excepción cuando, en un caso como el presente, el código establece
un precepto irreconciliable con ella, o sea el de que la autorización para
enajenar o gravar bienes de menores o de incapacitados ha de concederse por
el juez del domicilio de éstos.

RECURSOS GUBERNATIVOS—RESOLUCIONES DE LOS REGISTRADORES.—Las resoluciones
dictadas en recursos gubernativos contra notas de los registradores de la
propiedad no son obligatorias para los tribunales de justicia.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. José Tous Soto y Ma-
nuel Tous Soto.*

Abogados de los apelados: *Sres. Bosch & Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del
tribunal.

Con fecha 5 de junio del año próximo pasado 1914 pro-
dujeron demanda ante la Corte de Distrito de San Juan, Sec-

ción 1ª., Miguel, Luis, Gerardo, Teresa y Antonio Matorell y Torrents contra J. Ochoa y Hermano, Pedro, Carmen y Catalina Martorell y Torrents y Rosa Torrents y Risech bajo las siguientes alegaciones:

*Primera.* Que las demandantes tienen respectivamente 23, 25, 21, 27 y 30 años de edad y los demandados J. Ochoa y Hermano son una sociedad mercantil con domicilio en esta capital.

*Segunda.* Que Rosa Torrents en representación de los demandantes adjudicó en pago a un tal Juan Roure Dalmau, en virtud de autorización dada por el Juzgado de 1ª. Instancia de Catedral de la ciudad de San Juan y por auto del mes de Febrero, 1897, los condominios correspondientes a dichos demandantes en una finca rústica radicada en el barrio de Jaguas del término municipal de Ciales, con cabida de 355 cuerdas según se describe en la demanda.

*Tercera.* Que Rosa Torrents vecina entonces de Ciales, con domicilio allí, dentro del distrito judicial de Arecibo, procedió a otorgar la referida adjudicación en pago en virtud de la autorización concedida por el mencionado juzgado de 1ª. instancia de Catedral, quien carecía de jurisdicción en el asunto.

*Cuarta.* Que Rosa Torrents no obtuvo autorización del Juzgado de 1ª. Instancia de Arecibo para otorgar la expresada venta.

*Quinta.* Que por escritura otorgada en marzo 1897 ante el Notario don Antonio Alvarez Nava, Juan Roure hipotecó la finca a favor de la mercantil J. Ochoa y Hermano y después se la vendió por escritura de mayo, 1903, otorgada ante el notario Jacinto Texidor, constándole a dicha mercantil que la adjudicación hecha a Roure fué autorizada por el Juzgado de 1ª. Instancia de Catedral sin jurisdicción en el asunto.

*Sexta.* Que J. Ochoa y Hermano se encuentra actualmente en posesión de la finca y ha estado en posesión de ella desde el año 1903, percibiendo los frutos y rentas de la misma, que valen más de $20,000.

*Séptima.* Que los socios componentes de la mercantil J. Ochoa y Hermano y en especial su gestor Severo Ochoa que concurrió al otorgamiento de la venta, sabían que el domicilio, residencia y vecindad de la señora Torrents y sus hijos era en el pueblo de Ciales y que en su término radicaba la finca vendida.

*Octavo.* Que la adjudicación de la finca se verificó para el pago de 10,000 pesos provinciales, siendo entonces su valor superior a 25,000 pesos de la misma moneda.

*Novena.* Que a cada uno de los demandantes corresponden en la finca de que se trata un condominio de 1/8 parte de la mitad o sea 1/16 parte en plena propiedad, y un condominio de 1/7 parte de 1/16 parte en nuda propiedad.

La demanda concluye con la súplica de que se declare nula por sentencia la adjudicación en pago de la finca en cuanto a los condominios correspondientes a los mismos demandantes, y que se condene a la sociedad demandada a reintegrarles los expresados condominios con los frutos y rentas percibidos y podidos percibir, de los cuales deberá rendir cuenta la demandada, siendo condenada además en costas, gastos, desembolsos y honorarios de abogado.

A la anterior demanda opuso la representación de J. Ochoa y Hermano como excepciones previas la de que no aducía hechos suficientes para determinar una causa de acción, entre otras razones que se expondrían oportunamente, por haber prescrito la acción de acuerdo con los artículos 1301 del Código Civil Español y 1268 del Código Civil de Puerto Rico; la de que existe en la demanda indebida acumulación de partes demandadas por cuanto se incluyen como demandados a Pedro, Carmen y Catalina Martorell y Torrents, y a Rosa Torrents y Risech que no tienen interés alguno en la acción y contra los cuales nada se alega en la demanda ni se pide en la súplica de la misma; y la de que varias acciones han sido indebidamente acumuladas toda vez que juntamente con la acción principal de nulidad se ejercita la de reivindicación que es subsidiaria e independiente de

aquella, siendo una personal y la otra real y requiriendo por tanto lugares distintos para la celebración del juicio.

Discutidas las excepciones por medio de *briefs,* el juez por sentencia de 16 de septiembre de 1914 declaró con lugar la excepción previa en que se alegaba que la demanda no aduce hechos bastantes para determinar una causa de acción, y en su consecuencia sin lugar la demanda, sin especial condenación de costas, contra cuya sentencia interpuso la representación de la parte demandante recurso de apelación. para ante esta Corte Suprema, sometido a nuestra consideración después de haber alegado ambas partes por escrito y oralmente cuanto han estimado conducente a la defensa de sus respectivas pretensiones.

Alega la parte demandante como motivos legales para sostener su recurso, los siguientes errores que estima haberse cometido por la corte inferior al declarar con lugar la excepción previa de falta de causa de acción:

1°. Inaplicación del artículo 164 del Código Civil Español vigente al concederse la autorización y cuyo precepto fué reproducido por el artículo 229 del Código Civil Revisado vigente al otorgarse la venta.

2°. Aplicación indebida de las sentencias de la Corte Suprema de España de 22 de julio y 30 de septiembre, 1875, 6 de octubre de 1876 y 2 de junio de 1877 y de las resoluciones de la Dirección General de los Registros de España de 22 de enero de 1866 (1886) y 9 de mayo de 1889.

3°. Falta de aplicación de la sentencia de esta Corte Suprema en el caso de *Esteras* v. *Arroyo,* 16 D. P. R., 725 y su antecedente de la Corte Suprema de los Estados Unidos en el caso *Garzot* v. *Rubio,* 209 U. S., 303.

Examinemos el primer motivo del recurso y para ello fijemos cuál era la legislación vigente en Puerto Rico y por tanto aplicable al otorgarse a Rosa Torrents en representación de los demandantes por el Juzgado de 1ª. Instancia de Catedral de esta ciudad en febrero de 1897 la autorización cuya nulidad se pide.

Estaban entonces vigentes en Puerto Rico la Ley de Enjuiciamiento Civil que comenzó a regir en 1°. de enero de 1886 a virtud de Real Decreto de 25 de septiembre del año anterior, y el Código Civil que comenzó a regir en 1°. de enero de 1890 a virtud de Real Decreto de 31 de julio de 1889.

Como se ve, la vigencia de la Ley de Enjuiciamiento Civil fué anterior a la del Código Civil.

Las reglas determinantes de la competencia según la Ley de Enjuiciamiento Civil citada, que pueden ser atinentes al caso son las comprendidas en los artículos 56, 58 y 63 que en lo conducente dicen así:

"Art. 56.—Será juez competente para conocer de los pleitos a que dé origen el ejercicio de las acciones de toda clase, aquel a quien los litigantes se hubieren sometido expresa o tácitamente.

"Esta sumisión sólo podrá hacerse al juez que ejerza jurisdicción ordinaria y que la tenga para conocer de la misma clase de negocios y en el mismo grado.

"Art. 58.—Se entenderá hecha la sumisión tácita:

"*Primero*. Por el demandante en el mero hecho de acudir al juez interponiendo la demanda.

"*Segundo*. Por el demandado en el hecho de hacer después de personado en el juicio cualquiera gestión que no sea la de proponer en forma la declinatoria.

"Art. 63.—Para determinar la competencia, fuera de los casos expresados en los artículos anteriores, se seguirán las reglas siguientes:

\*       \*       \*       \*       \*       \*       \*

"23. En las autorizaciones para la venta de bienes de menores o incapacitados, será juez competente el del lugar en que los bienes se hallaren o el del domicilio de aquellos a quienes pertenecieren."

El artículo 164 del Código Civil Español vigente en el año de 1897 en que se concedió a la demandada Rosa Torrents por el Juzgado de 1ª. Instancia de Catedral de esta ciudad la autorización argüida de nulidad por la parte demandante, está concebido en los siguientes términos:

"Art. 164.—El padre o la madre en su caso no podrán enajenar los bienes inmuebles del hijo en que les corresponda el usufructo o la administración, ni gravarlos sino por causas justificadas de uti-

lidad o necesidad y previa la autorización del juez del domicilio, con audiencia del ministerio fiscal, salvas las disposiciones que, en cuanto a los efectos de la transmisión, establece la Ley Hipotecaria.''

Atendidos los preceptos legales que dejamos transcritos resalta a su simple lectura la contradicción entre los artículos 164 del Código Civil Español y 63, No. 23, de la antigua Ley de Enjuiciamiento Civil, y los 56 y 58 de esa misma ley, si es que éstos dos últimos se refieren a actos de jurisdicción voluntaria, pues el artículo 164 exige por modo imperativo la autorización del juez del domicilio para enajenar o gravar bienes inmuebles de menores, mientras que esa autorización, según el artículo 63, No. 23, ha de concederse por el juez del lugar en que los bienes se hallaren o por el juez del domicilio de aquellos a quienes pertenecieren, y según los artículos 56 y 58 por cualquier juez de jurisdicción ordinaria y que la tenga para conocer de la misma clase de negocios y en el mismo grado, en el supuesto de que la competencia que determinan esos dos artículos, como hemos dicho antes, se refiera tanto a la jurisdicción contenciosa como a la voluntaria.

No nos toca decidir en el presente caso cuál sea la extensión y alcance de los artículos 56 y 58 de la Ley de Enjuiciamiento Civil respecto de todos los actos de jurisdicción voluntaria, sino resolver si esos dos artículos y el 63 en su No. 23, han sido derogados por el 164 del Código Civil Español, con relación a casos como el presente.

Opinamos que esa derogación existe por más que comentaristas tan ilustrados como Manresa y Scaevola comentando el artículo 164 del Código Civil Español sostienen que el artículo 1976 del Código Civil sólo derogó los cuerpos legales, usos y costumbres que constituían el derecho civil común en todas las materias que fueran objeto del Código, pero no el derecho adjetivo o procesal, entendiendo Manresa que la Regla 23 del artículo 63 de la Ley de Enjuiciamiento Civil, es complementaria de la del artículo 164 del Código Civil y

Scaevola que el precepto del Código Civil es terminante sin que llegue a establecer que su aplicación sea de necesidad absoluta con exclusión de los preceptos de la Ley de Enjuiciamiento Civil.

El primero de dichos comentaristas, Manresa, se expresa en los siguientes términos, tomo 2, p. 42, de sus comentarios:

"Respecto a nuestro código no puede haber duda alguna de que para la enajenación de bienes inmuebles o para gravarlos, es precisa la autorización judicial. Dicha autorización debe solicitarse, dice el código, ante el juez del domicilio; pero como la competencia es una cuestión que pertenece al derecho adjetivo y la disposición final del código sólo deroga el derecho civil común, entendemos que continúa vigente y es complementaria de la del presente artículo la regla 23 del artículo 63 de la Ley de Enjuiciamiento Civil, que establece que 'en las autorizaciones para la venta de bienes de menores o incapacitados será juez competente el del lugar en que los bienes se hallaren, o el del domicilio de aquéllos a quienes pertenecieren.' Sin embargo, para evitar cuestiones, lo más prudente será acudir al juez del domicilio. Respecto al procedimiento, debe observarse el que determina el título 11 de la primera parte del libro tercero de la Ley de Enjuiciamiento Civil."

El segundo, Scaevola, tomo 3, pág. 309, de su obra Código Civil, comentado y concordado (3ª. edición), dice:

"La autorización ha de obtenerse, conforme al artículo, del juez del domicilio, y aunque no expresa de qué persona se sobreentiende del de los padres, pues sabido es, según el artículo 64 de la Ley de Enjuiciamiento Civil, que el domicilio de los hijos constituídos en potestad es el de sus padres. Esta misma ley, en el caso 23 del artículo 63, señala como juez conpetente el del domicilio de los hijos, y además el del lugar en que los bienes se encuentren, precepto alternativo muy práctico y conveniente, puesto que es de suponer que haya más compradores en el sitio donde puedan ser conocidos el valor y la utilidad de los bienes, que no donde se desconocen estos requisitos. ¿Seguirá subsistente esta doble competencia? Aunque por las razones que manifestaremos más adelante entendemos que el código no ha derogado ni ha podido derogar la Ley de Enjuiciamiento Civil, la disposición de aquél sobre este extremo es terminante, puesto que declara que la autorización ha de obtenerse del juez del domicilio."

Y más adelante el mismo Scaevola, tomo 3, página 311, dice:

"El código es una ley sustantiva y civil cuya publicación sólo puede afectar a las de su misma índole no a las de naturaleza diversa, esto es, a las adjetivas o procesales como es la de Enjuiciamiento Civil. Además la disposición final derogatoria del código sólo hace perder su fuerza a las leyes que constituyen el derecho civil común, y esto en las materias que son objeto del mismo, derogación, por tanto, que no puede alcanzar a una ley que, como la de que venimos hablando no forma parte del derecho civil común, menos aún en una materia que no es objeto del código y que por el contrario viene a llenar el vacío del mismo."

En cuanto al comentarista Manresa es de notarse que en relación con el artículo 1976 del Código Civil Español, dice en el tomo 12, página 900 de sus comentarios:

"Concretando en su análisis los términos del artículo que examinamos, debemos sentar como conclusión indudable que por él se derogan las disposiciones del derecho común civil de carácter puramente sustantivo, excepto aquellas que se hubieren estimado o declarado subsistentes; y por tanto, el precepto derogatorio contenido en dicho artículo no rige respecto de las demás leyes civiles de índole procesal, a no ser que por su peculiar naturaleza hayan sido objeto de precepto especial contrario en el código o no puedan coexistir con los que en el mismo se establecen."

Esa doctrina de Manresa nos parece buena y refuerza nuestra opinión en el presente caso.

El artículo 164 del Código Civil Español, según alega la ilustrada representación de la parte apelante, no ha querido establecer una regla de competencia, un precepto adjetivo, sino determinar la manera, el medio, la autoridad que debe completar la capacidad civil del padre o madre del menor en los casos de enajenación o gravamen de bienes inmuebles de sus hijos menores, cuya capacidad para tales casos les limita el mismo artículo. Contiene un precepto sustantivo que deroga los que abiertamente se opongan al mismo en la Ley de Enjuiciamiento Civil Española, anterior a la publicación de dicho Código.

El artículo 1976 del Código Civil, dice así:

"Quedan derogados todos los cuerpos legales, usos y costumbres que constituyen el derecho civil común en todas las materias que son objeto de este código, y quedarán sin fuerza y vigor, así en su concepto de leyes directamente obligatorias como en el de derecho supletorio. Esta disposición no es aplicable a las leyes que en este código se declaran subsistentes."

En fuerza del anterior precepto derogatorio no podemos menos de admitir haber sido derogados todos los cuerpos legales, usos y costumbres que constituyen el derecho civil, común en todas las materias que son objeto del Código Civil, pero no por ello hemos de llegar a la conclusión de que dicho Código Civil no deroga los preceptos del Código de Enjuiciamiento Civil entonces vigente que estuvieren en oposición con sus propios preceptos.

El mismo Código Civil en su artículo 5 establece que las leyes sólo se derogan por otras leyes posteriores y no prevalecerá contra su observancia el desuso ni la costumbre o la práctica en contrario, y si hemos de dar aplicación a ese precepto es obvio que las disposiciones contenidas en el Código de Enjuiciamiento Civil que están en oposición con las del Código Civil han sido derogadas sin que puedan tener vigor al mismo tiempo unas y otras disposiciones.

La Ley de Enjuiciamiento Civil en virtud del artículo 1976 del Código Civil no ha sido derogada por éste en su totalidad, pero indudablemente lo ha sido en cuanto esté en contradicción con dicho código por el principio de que toda ley posterior deroga la anterior cuando hubiere conflicto entre ellas.

En corroboración de la anterior doctrina es de consignarse la establecida por el Tribunal Supremo de España en sentencia de 12 de junio de 1894 en caso sobre discernimiento del cargo de curadores testamentarios, cuya sentencia contiene los siguientes considerandos:

"Considerando que la Ley de Enjuiciamiento Civil rigió en su totalidad desde su publicación en todas las provincias, y que todo

lo comprendido en dicho cuerpo legal dejó en su virtud de formar parte del derecho foral y pasó a ser legislación común de España:

"Considerando que siendo las disposiciones de la Ley de Enjuiciamiento Civil parte del derecho general y no del llamado foral, en lo que estén en contradicción con el Código Civil, ley posterior, han sido derogadas por el artículo 1976, y no puede pretenderse su subsistencia por consecuencia de lo ordenado en el artículo 12 de éste, pues en él se mantiene sólo enfrente del código el derecho foral, es decir, el excepcional, pero no el común, que antes de la promulgación de aquél regía para determinadas materias en las provincias o territorios de fuero:

"Considerando que la resolución recurrida, al ordenar que los interesados acudan al juzgado municipal y al consejo de familia, ajustando sus peticiones a lo dispuesto en los títulos 9 y 10 del libro 1º. del Código Civil, en nada infringe ni desconoce la ley 1ª., título 4º., libro 5º. de las Constituciones de Cataluña, que sanciona la facultad del padre de nombrar en testamento y en toda especie de última voluntad tutores para sus hijos, ni la voluntad expresada por el padre de los menores en su testamento, puesto que dicha voluntad y la ley que le atribuye eficacia han de cumplirse dentro de las disposiciones legales que determinan el discernimiento y el ejercicio de la tutela, que antes del Código Civil eran los artículos del título 2º. del libro 3º. de la Ley de Enjuiciamiento Civil y ahora son las de los títulos 9º. y 10 del libro 1º. del Código."

En esa sentencia se establece que la Ley de Enjuiciamiento Civil pasó a ser legislación común de España y que sus disposiciones forman parte del derecho general, estando derogadas por el artículo 1976 en cuanto estén en contradicción con el Código Civil, por lo que las disposiciones relativas al discernimiento y ejercicio de la tutela que antes del Código Civil estaban comprendidas en los artículos del Título II del Libro III de la Ley de Enjuiciamiento Civil, son ahora las de los Títulos IX y X del Libro I del Código Civil.

En virtud de la derogación de los preceptos de la Ley de Enjuiciamiento Civil de 1887 determinantes de la competencia judicial para conceder autorizaciones de enajenar bienes de menores en cuanto estén en conflicto con el artículo 164 del Código Civil, opinamos, atendidos los términos claros

en que está redactado dicho artículo, que sólo al juez del domicilio del menor compete dar la autorización de enajenación o constitución de gravamen y que desde que comenzó a regir el Código Civil ha sido derogada cualquier facultad que por la Ley de Enjuiciamiento Civil anterior se estimara concedida al padre o a la madre para someterse en tal caso a otro juez que no fuera el del domicilio de su hijo.

El legislador quiso al establecer la necesidad de la autorización judicial para la enajenación o gravamen de bienes de menores, que esa autorización fuera concedida por el juez del domicilio del menor y no por cualquier otro juez, y al establecerlo así fijó la autoridad que debía completar la capacidad civil del padre o de la madre del menor, sin que esa capacidad pudiera completarse en otra forma que la estatuída por el artículo 164.

El Juzgado de 1ª. Instancia de Catedral al conceder a Rosa Torrents la autorización de que se trata ejecutó un acto contra la ley y por tanto nulo de conformidad con el artículo 4 del Código Civil que entonces regía, y la Corte de Distrito de San Juan, Sección 1ª., cometió error estimando válida dicha autorización por haber dejado de aplicar el artículo repetidas veces citado.

Es cierto que el Tribunal Supremo de España tiene establecido en varias sentencias, y señaladamente en las de 22 de julio y 30 de septiembre de 1875, 6 de octubre de 1876, y 2 de junio de 1877, la doctrina de que en los actos de jurisdicción voluntaria no tienen cabida las cuestiones de competencia porque la ley concede ésta al juez ante quien se haya acudido, cuya doctrina ha sido invocada por la Dirección General de los Registros de España en resoluciones de 22 de enero, 1886, 9 de mayo de 1889, y 8 de febrero de 1907, y aun por esta misma Corte Suprema al resolver en 25 de marzo de 1905 recurso gubernativo de Solá contra nota del Registrador de la Propiedad de Caguas, 8 D. P. R., 213; pero es de tenerse en cuenta que en ninguna de esas sentencias y resoluciones se ha decidido que los preceptos de la Ley

de Enjuiciamiento Civil de 1886 que puedan ser atinentes a la competencia del juez en los casos a que se refiere el artículo 164° del Código Civil Español que comenzó a regir en esta Isla en 1°. de enero de 1890, deben continuar aplicándose no obstante el precepto de dicho artículo 164.

Por el estudio que hemos hecho no tenemos conocimiento de un solo caso en que se haya levantado y decidido la misma cuestión legal sometida hoy a nuestra consideración.

Y conste que aún en el caso de que se aceptara la sumisión expresa o tácita como regla de competencia en los actos de jurisdicción voluntaria, esa regla podría tener su excepción en un caso como el presente en que el Código Civil en su artículo 164 establece un precepto irreconciliable con dicha regla, o sea el de que la autorización para enajenar o gravar bienes de menores ha de concederse por el juez del domicilio de éstos.

Suponiendo, pues, que en los actos de jurisdicción voluntaria pudiera determinarse la competencia por la sumisión expresa o tácita según la Ley de Enjuiciamiento Civil de 1886, hemos de llegar a la conclusión de que desde que comenzó a regir el Código Civil de 1889 únicamente el juez del domicilio del menor puede conceder la autorización para la venta o enajenación de sus bienes y que por tanto la jurisprudencia del Tribunal Supremo de España de que dejamos hecho mérito y la doctrina establecida por la Dirección de los Registros no son de aplicación al presente caso, habiendo incurrido por tanto en error la corte inferior al hacer aplicación de esa jurisprudencia y de esa doctrina, aparte de que las resoluciones dictadas en recurso contra los Registradores de la Propiedad no son obligatorios para los tribunales de justicia.

Hemos examinado el primero y segundo motivos de la apelación y nos abstenemos de examinar el tercero por cuanto el presente caso ha de resolverse teniendo en cuenta la ley y jurisprudencia vigentes en la fecha en que se dictó por el Juzgado de 1ª. Instancia de Catedral el auto del mes de

febrero de 1897 concediendo la autorización cuya nulidad se pide, y no la ley y jurisprudencia posteriores a esa fecha.

Como la corte inferior sólo consideró la excepción propuesta por los demandados de que la demanda no aduce hechos suficientes para determinar una causa de acción, sin que entrara en el examen de las demás, también nos abstenemos de prestar a éstas consideración, sin perjuicio de conocer de ellas cuando fueren resueltas por dicha corte inferior y la resolución viniere a nosotros en grado de apelación.

Por las razones expuestas es de revocarse la sentencia apelada en cuanto se funda en la excepción de que los hechos de la demanda no determinan una causa de acción, y continuarse el juicio de acuerdo con esta opinión.

> *Revocada la sentencia apelada, debiendo continuarse el juicio de acuerdo con los principios enunciados en la opinión.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.